[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12546
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-14005-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PADRAIC SEAMUS O'CONNELL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 7, 2019)

Before WILLIAM PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Padraic Seamus O'Connell appeals his 36-month sentence, imposed after he entered a guilty plea to one count of possessing child pornography. O'Connell argues that his sentence is substantively unreasonable because the district court improperly weighed the sentencing factors in 18 U.S.C. § 3553(a) and imposed a sentence greater than necessary to comply with the statutory purposes of sentencing. Finding no abuse of discretion, we affirm.

I.

According to the Presentence Investigation Report ("PSI"), a Port Saint Lucie Police Department detective conducting a peer-to-peer online investigation discovered that an IP address registered to O'Connell was offering a child pornography video file. A search of O'Connell's home and computers revealed numerous deleted video files depicting sexually explicit conduct with minor children, many of whom appeared to be under 12 years of age. Additional analysis showed that images with titles reflecting child pornography had been played or viewed on hundreds of occasions. During a subsequent interview, O'Connell admitted to seeking out child pornography and bestiality.

The PSI also contained a calculation of O'Connell's sentencing range according to the Sentencing Guidelines. Neither party objected to the PSI, and the district court adopted its findings. O'Connell's Guidelines base offense level was 18, pursuant to U.S.S.G § 2G2.2(a)(1). The probation officer applied three two-

2

level enhancements for possessing material that involved a minor who had not attained the age of 12 years, § 2G2.2(b)(2); knowingly engaging in distribution, § 2G2.2(b)(3)(F); and using a computer in the commission of the offense, § 2G2.2(b)(6). He also applied a four-level enhancement under § 2G2.2(b)(4)(A) because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence, as well as a five-level enhancement under § 2G2.2(b)(7)(D) because the offense involved 600 or more images. After a three-level reduction for acceptance of responsibility, O'Connell's total offense level was 30. With O'Connell's criminal history category (I), the Sentencing Guidelines range of imprisonment was 97 to 121 months. The statutory term of imprisonment for O'Connell's offense was 0 to 20 years. 18 U.S.C. § 2252(b)(2).

O'Connell argued that a downward variance was warranted because he suffered from significant physical and mental illness, his relevant conduct was "less culpable" than the typical child pornography case, and the Sentencing Commission had repudiated the sentence-enhancement guidelines in § 2G2.2 as "excessive and arbitrary." He submitted a medical report, in which the examining physician reported that O'Connell had advanced cirrhosis of the liver, a heart condition, and a cancerous tumor on his scalp, and estimated that O'Connell's life expectancy was one to two years. O'Connell noted that he had been in custody for

3

approximately five months and requested a sentence of time served, arguing that additional time in prison did not serve the purposes of § 3553(a).

The district court considered the parties' statements, the PSI, the advisory Sentencing Guidelines, and the § 3553(a) factors. In considering the seriousness of the offense, the court stated that "[c]hild pornography is just an indescribably abhorrent crime, and the victims are irreversibly harmed, and anyone that either traffics in it or possesses it or views it is perpetuating the harm." But the court weighed O'Connell's personal history and characteristics in his favor, acknowledging that he had no other significant criminal history. The court also agreed generally that the Sentencing Guidelines were "overly punitive" for those offenders not engaged in actually producing child pornography and determined that a downward variance from the Guidelines range was warranted on that ground alone.

The court declined to vary downward to a sentence of time served, however, finding that such a sentence would not serve the statutory purposes of providing adequate deterrence, protecting the public from further crimes, and avoiding unwarranted sentencing disparities. The court sympathized with O'Connell's medical condition and noted that O'Connell's illness was a factor in granting a downward variance, but the court did not consider it "a get-out-of-jail-free card."

4

The court imposed a sentence of 36 months' imprisonment followed by 20 years' supervised release.

On appeal, O'Connell argues that his 36-month sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of § 3553(a). O'Connell argues that the district court failed to give adequate weight to his personal history and characteristics, including his serious physical illness, age (58 years old at the time of sentencing), and lack of criminal history, and gave excessive weight to the "outdated" and "arbitrary" Guidelines range resulting from multiple child pornography sentence enhancements under U.S.S.G. § 2G2.2.

## II.

We review the substantive reasonableness of the sentence under the abuse of discretion standard, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). We may consider the extent of any variance from the applicable Guidelines range, but we may not presume that a sentence outside the Guidelines range is unreasonable. *Id.* "The party challenging a sentence has the burden of establishing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). A sentence will be deemed substantively unreasonable only if this Court is "left with the definite and firm conviction that the district court committed a clear error of

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation and internal quotations omitted).

A sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a)(2). The court must make an "individualized assessment" based on the facts before it, rather than presuming that the applicable Sentencing Guidelines range is reasonable. *Gall*, 552 U.S. at 50. Generally, the weight given to any specific factor is committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254. But a district court can abuse its discretion when it (1) fails to consider relevant factors that should have been given significant weight, (2) "gives significant weight to an improper or irrelevant factor," or (3) "commits a clear error of judgment" by balancing the proper factors in an unreasonable manner. *Irey*, 612 F.3d at 1189.

O'Connell's 36-month, below-guideline sentence was substantively reasonable. The district court adequately considered O'Connell's arguments that the § 2G2.2 enhancements were unduly harsh in his case, and that his medical conditions warranted a downward variance. In fact, the court relied on those factors in granting a substantial downward variance from O'Connell's Guidelines

6

range.  The court was also obliged to consider the other applicable § 3553(a) factors, however, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" to provide deterrence; and to protect the public.  18 U.S.C. § 3553(a)(2)(A)–(C); *Rosales-Bruno*, 789 F.3d at 1254.  There is no doubt that O'Connell's offense was a serious one, and we are certainly not left with the "definite and firm conviction that the district court committed a clear error of judgment" in weighing these factors against varying even further downward to give O'Connell the time-served sentence he requested.  *See Irey*, 612 F.3d at 1190.

To the extent that O'Connell contends that the district court erred by giving any consideration to the child pornography sentence enhancements in § 2G2.2, his argument is foreclosed by *United States v. Cubero*, 754 F.3d 888 (11th Cir. 2014).  In *Cubero*, we recognized that the Sentencing Commission had released a report characterizing the § 2G2.2 enhancements as "outdated and disproportionate" and recommending that Congress amend those guidelines.  754 F.3d at 898–99.  But we rejected the appellant's argument that the Commission's report rendered the § 2G2.2 enhancements invalid and held that "the district court's use of § 2G2.2 as an advisory guideline does not render [the defendant]'s sentence procedurally or substantively unreasonable."  *Id.* at 900.  The district court did not abuse its discretion in sentencing O'Connell, and we affirm.

**AFFIRMED.**

8